# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2000
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Wayland Blunt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 13, 2020
Filed: May 12, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jason Blunt ("Blunt") appeals the district court's[1] revocation of his supervised release and imposition of a 10-month term of imprisonment to be followed by 43

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

months on supervised release. While on supervised release, Blunt was arrested for domestic abuse resulting in bodily injury. The day after the arrest, the government filed a petition for revocation, asserting a "[n]ew law violation – domestic assault." At the revocation hearing, the government presented pictures, videos, and police officer testimony describing the victim's injuries and her statements to officers on the night of the incident. The body-cam video of a third officer's interview with the victim and the tape of the 911 call were also admitted. The victim testified on behalf of Blunt and recanted her prior statements. She claimed that she had been intoxicated and provided different explanations for her injuries.

Blunt argues there was insufficient evidence of a violation of his supervised release conditions. We review a district court's decision to revoke supervised release for abuse of discretion and underlying factual findings for clear error. United States v. Salsberry, 825 F.3d 499, 500–01 (8th Cir. 2016). Blunt contends that the district court should have ignored the victim's statements to officers and believed her in-court recantation. The court was not required to accept the victim's recantation. In light of the evidence in the record and the testimony given by the officers who responded to the victim's 911 call, the court did not clearly err in finding the victim's recantation not credible. United States v. Lillybridge, 944 F.3d 990, 993 (8th Cir. 2019) (per curiam) (quotation omitted) (explaining that "when the district court concludes that a recantation is not believable, it is almost impossible for an appellate court to hold that a district judge's rejection, on credibility grounds, of the testimony of a live witness is clearly erroneous"). Because there was sufficient evidence to establish by a preponderance that Blunt had committed a domestic battery, the district court did not abuse its discretion in revoking Blunt's supervised release. We affirm.

_____